**William J. SALYER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40445.**

Court of Criminal Appeals of Texas.

June 7, 1967.

Fred A. Semaan, (On Appeal), Frank Y. Hill, San Antonio, (On Appeal), Luther E. Jones, Jr., Corpus Christi, (On Appeal), for appellant.

Wiley L. Cheatham, Dist. Atty., Frank Sheppard, County Atty., Cuero, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is perjury; the punishment, two years.

The indictment alleged that appellant swore falsely when he executed a bond which recited that he had property liable to execution worth $8,000 or more, which said property is described as follows—to wit: "real property in Bexar County, Texas, as appears by deed records of said county". Under the law it is essential that the State prove that such statement was false. The State could have easily have had the County Clerk certify under the terms of Article 3731a, Sec. 5, Vernon's Ann.Civ.St., that an examination of the deed records showed no deed with appellant as grantee, or, if such deed or deeds were found, offered the testimony of whoever had made a search of the deed records as to what appeared thereon and the value thereof; however, in making out its case the witnesses for the State admitted that they had not examined the deed records of Bexar County, but relied only upon the rolls of the Tax Collector. A Deputy Tax Collector testified that appellant could have owned property which would appear on the deed records and not appear on the Tax Collector's records. In his own defense appellant produced proof that such had occurred in his case.

Appellant's first ground of error is that in order to sustain a conviction for perjury it is essential that the State establish the falsity of that portion of the oath quoted above. It is obvious from what has been said that the State failed to meet the burden cast upon them by the terms of the oath and the indictment which incorporated the same, and this conviction cannot stand.

Any admissions made by appellant as to his financial condition several months after the date charged in the indictment could not supply the proof needed to support the allegations of the indictment.

This disposition of the case renders unnecessary a discussion of appellant's other grounds of error relating to variance.

The judgment is reversed, and the cause is remanded.